# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10887

_____

ROBERT KLECKLEY,

                                                                Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

                                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62972-RKA

_____

Before JORDAN and NEWSOM, Circuit Judges.

BY THE COURT:

Robert Kleckley is a Florida prisoner serving a life sentence for attempted first-degree murder inflicting great bodily harm with a firearm (Count 1) and a concurrent 30-year sentence for shooting into an occupied vehicle (Count 2). The sentence for Count 2 was enhanced based on Kleckley's habitual felony offender status. His sentences were originally imposed in 2000, and in 2010, he was resentenced to the same sentence on Count 2. On November 27, 2019, he filed a *pro se* 28 U.S.C. § 2254 petition, raising 11 claims. Grounds 1-3 and 11 concerned his resentencing, and Grounds 4-10 concerned his original trial proceedings.

In a report and recommendation ("R&R"), a magistrate judge found that Grounds 4-10 were untimely and recommended denying Grounds 1-3 and 11 on the merits. The district court adopted the R&R, and Kleckley filed a Fed. R. Civ. P. 59(e) motion, contending that he never received the R&R. The district court granted the motion in part, and Kleckley filed objections, which the district court overruled, denying Grounds 1-3 and 11. Then, in a second Rule 59(e) motion, Kleckley argued that his resentencing resulted in a new judgment that restarted the limitations period for all of his claims.

The district court denied this motion, reasoning that the resentencing did not result in a new judgment, and even if it did, it only affected Count 2 and did not impact his underlying convictions, which precluded him advancing untimely challenges to any

23-10887               Order of the Court                    3

alleged errors that occurred at his trial. Nonetheless, the district court granted Kleckley a certificate of appealability ("COA") on two issues:

> 1. If a state resentencing court reimposes on a state prisoner the same sentence the prisoner had already been serving, without re-adjudicating him guilty on any count, do the resentencing documents constitute a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), *Patterson v. Secretary, Florida Department of Corrections*, 849 F.3d 1321 (11th Cir. 2017), and their progeny?
>
> 2. If a state resentencing court issues a new judgment as to only one of several counts—leaving the conviction and sentence for the remaining counts undisturbed—does this new judgment allow a habeas petitioner to file an otherwise untimely § 2254 petition, challenging his underlying conviction as to all the counts?

The district court did not state, however, whether Kleckley had made a substantial showing of the denial of a constitutional right. Kleckley appealed and now seeks to expand the COA.

Here, the district court's order granted a COA on a procedural issue, without specifying the underlying constitutional issue or issues. *See* 28 U.S.C. § 2253(c)(2), (3); *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*). Accordingly, the district court's grant of a COA is VACATED, and this case is hereby

| 4 | Order of the Court | 23-10887 |

REMANDED for the limited purpose of the district court reissuing its COA in compliance with *Spencer* and § 2253(c)(2). Additionally, Kleckley's motion to expand the COA is DENIED because he has failed to make a substantial showing of the denial of a constitutional right regarding Grounds 1-3 and 11. *See* 28 U.S.C. § 2253(c)(2).