UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-62972-ALTMAN

**ROBERT KLECKLEY**,

    *Petitioner*,

v.

**STATE OF FLORIDA**,

    *Respondent.*

_____/

## ORDER ON LIMITED REMAND

Robert Kleckley filed an eleven-claim petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his decades-old, state-court conviction. *See* Petition [ECF No. 1]. After extensive litigation and briefing, we concluded that (1) Claims 1, 2, 3, and 11 of Kleckley's Petition should be denied on the merits, *see* Order Adopting R&R [ECF No. 28] at 17; (2) Claims 4–10 of the Petition were time-barred because—despite being resentenced in 2010—Kleckley had remained incarcerated pursuant to the terms of a June 12, 2000 judgment, *see* Order Denying Motion to Amend or Alter Judgment [ECF No. 31] at 8–9; and (3) Kleckley was entitled to a certificate of appealability ("COA") on two issues "relating to the timeliness of Claims 4–10" because "jurists of reason might 'find it debatable' whether our procedural ruling was right," *id.* at 17 (quoting *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001)).

On appeal, Kleckley—now represented by counsel—filed a motion to expand our COA in a way that would allow him to challenge our merits denial of Claims 1, 2, 3, and 11. *See* Limited Remand Order [ECF No. 39] at 4. The Eleventh Circuit denied Kleckley's request but noted that, before granting Kleckley's COA, we "did not state . . . whether Kleckley had made a substantial showing of the denial of a constitutional right." *Id.* at 3. The Eleventh Circuit therefore remanded the case to us

for the "limited purpose" of allowing us to reissue a COA that "specif[ies] the underlying constitutional issue or issues." *Id.* at 3–4 (first citing 28 U.S.C. § 2253(c)(2); and then citing *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc)). We now reissue our COA in a way that complies with the Eleventh Circuit's Limited Remand Order.

\* \* \*

A prisoner who files a habeas petition under § 2254 "has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Instead, the petitioner must "seek and obtain a COA from a circuit justice or judge." *Id.* at 335–36. A COA *cannot* issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Miller-El*, 537 U.S. at 336. That said, the "test" for whether there has been "a substantial showing of the denial of a constitutional right" changes depending on how the district court adjudicated the issue that's now on appeal. If, for instance, a claim is "rejected . . . on the merits," a COA will be granted if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)(2)).

But "the issue becomes somewhat more complicated where, as here, the district court dismissed the petition based on procedural grounds." *Ibid.* In that scenario, an applicant will make a "substantial showing of the denial of a constitutional right" if (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ibid.*; *see also Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) ("These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong."). "Even when a prisoner seeks to appeal a procedural error, the certificate *must specify* the

underlying constitutional issue." *Spencer*, 773 F.3d at 1138 (emphasis added). We've already determined that "jurists of reason might 'find it debatable' whether our procedural ruling was right," so we won't reevaluate this second prong of the COA test—except to say that we incorporate here the findings we made on this issue in our prior order. *See* Order Denying Motion to Amend or Alter Judgment at 17.

Whether Kleckley is entitled to a COA, then, turns on whether "jurists of reason would find it debatable whether the petition *states a valid claim of the denial of a constitutional right*." *Slack*, 529 U.S. at 484 (emphasis added). Since his claims were denied on procedural grounds, Kleckley is "not required to demonstrate entitlement to appellate relief in order to be given an opportunity to pursue it." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc); *see also Buck v. Davis*, 580 U.S. 100, 115 (2017) ("The COA inquiry, we have emphasized, is not coextensive with a merits analysis."). In the context of these procedurally-dismissed COAs, the Eleventh Circuit has described the appropriate standard as "similar to the preliminary review conducted by district judges in § 2254 proceedings." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014); *see also Miller-El*, 537 U.S. at 336 (holding that, for a COA to issue, the applicant must show "that the issues presented were 'adequate to deserve encouragement to proceed further'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983))). Rule 4 of the Rules Governing Section 2254 Cases—which sets the "preliminary review" of habeas petitions—"allows the district judge to summarily dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Hittson*, 759 F.3d at 1270 (cleaned up). Applying that standard here, Kleckley is entitled to a COA on Claims 4–10 *so long as* his allegations (if taken as true) are sufficient to show that a constitutional violation occurred. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief."). Kleckley has satisfied this relatively low bar here.

As we've indicated, Kleckley's Petition originally included eleven claims—only seven of which are relevant here: Claims 4–10.[1] Kleckley alleged in Claims 4, 5, 8, and 9 that his trial counsel was ineffective in violation of the Sixth Amendment by failing (1) to "object to the defective verdict form," (2) to "renew [his] objection to strike [the] tainted jury panel," (3) to "retain an expert for fingerprint analysis," and (4) to "subpoena [a] hair analyst." Petition at 8–9, 14–15. Kleckley asserted in Claim 6 that the trial court "fundamentally denied due process" by using a defective verdict form. *Id.* at 10; *see also United States v. Bell*, 750 F. App'x 941, 943 (11th Cir. 2018) (explaining that a defective verdict form violates due process if it "improperly guided the jury in [a] substantial way" (citing *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000))). In Claim 7, Kleckley argued that the trial court violated the Fifth Amendment's prohibition against double jeopardy by illegally "enhancing and reclassifying" his prior attempted first-degree murder conviction. Petition at 12. Finally, in Claim 10, Kleckley said that "there was a lack of probable cause" to arrest and prosecute him, because there was a "chain of custody violation" that violated "his substantive and procedural due process rights." *Id.* at 16.[2]

As this summation has made plain, all seven of Kleckley's remaining grounds for relief (Counts 4–10) "state[ ] a valid claim of the denial a constitutional right." *Slack*, 529 U.S. at 484. Recognizing this, at the inception of this case, U.S. Magistrate Judge Lisette M. Reid ordered the Respondent to

---

[1] We already denied Claims 1, 2, 3, and 11 on the merits, *see* Order Adopting R&R at 17, and the Eleventh Circuit agreed that Kleckley had "failed to make a substantial showing of the denial of a constitutional right regarding Ground 1–3 and 11," Limited Remand Order at 4.

[2] Claim 10 actually implicates two separate constitutional provisions. Kleckley properly characterizes his claim that his arrest and prosecution were based on weak, insufficient, and legally dubious evidence as a due-process violation. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979) ("[A]n essential [element] of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof[.]"). A state court's decision to admit evidence may also, in some cases, violate due process if the evidentiary ruling "rise[s] to the level of a denial of fundamental fairness." *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998). Kleckley is wrong, however, to suggest that law enforcement's alleged "lack of probable cause to arrest" him constituted a due-process violation. Petition at 16. "An arrest made without probable cause is an unreasonable seizure" in violation of the *Fourth Amendment*, not the Due Process Clause of the Fourteenth Amendment. *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). Either way, Claim 10 properly alleges a constitutional violation.

4

"show cause why [Kleckley's] Petition should not be granted." Order to Show Cause [ECF No. 5] at 2. By issuing that Order to Show Cause, Magistrate Judge Reid implicitly accepted that *all* of Kleckley's claims (including, of course, Claims 4–10) met Rule 4's pleading standard. *See* RULES GOVERNING SECTION 2254 CASES R. 4 ("If the petition is not dismissed [under Rule 4], the judge must order the respondent to file an answer, motion, or other response within a fixed time[.]"). And, given the "similar" standard for issuing a COA in these circumstances, we agree with Magistrate Judge Reid's original determination that Kleckley has properly pled a constitutional violation in each of Counts 4–10. *Hittson*, 759 F.3d at 1270; *see also, e.g.*, *Cassidy v. Dixon*, 2021 WL 6808302, at *3 (N.D. Fla. Dec. 22, 2021) (Cannon, Mag. J.) ("The undersigned recommends that jurists of reason would find that Petitioner states one or more valid claims of denial of constitutional rights. Indeed, the undersigned previously screened the Petition under Rules Governing § 2254 Cases, Rule 4 and found it suitable for service."), *report and recommendation adopted*, 2022 WL 356038 (N.D. Fla. Feb. 7, 2022) (Stafford, J.); *San Martin v. McNeil*, 2009 WL 2913228, at *2 (S.D. Fla. Sept. 4, 2009) (Huck, J.) ("[T]he Petitioner alleges that, although he desired to testify at his murder trial and the subsequent sentencing proceedings, his attorney denied him that right. The Petitioner alleges that if his attorney had allowed him to testify he would have presented evidence pertinent to the guilt and sentencing phases of his trial. . . . Accordingly, accepting the allegations in the Petition as true, the Petitioner has facially alleged the denial of a constitutional right."), *aff'd*, 633 F.3d 1257 (11th Cir. 2011).

We therefore **ORDER AND ADJUDGE** that, if his allegations are true, Kleckley has stated "a valid claim of the denial of a constitutional right" in Claims 4–10 of his Petition and "that jurists of reason would find it debatable whether [we were] correct" when we dismissed Claims 4–10 as time-barred. *Slack*, 529 U.S. at 484. Accordingly, we now **REISSUE** Kleckley a COA on the following two issues:

> 1. If a state resentencing court reimposes on a state prisoner the same sentence the prisoner had already been serving, without re-adjudicating him guilty on any count, do

the resentencing documents constitute a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), *Patterson v. Secretary, Florida Department of Corrections*, 849 F.3d 1321 (11th Cir. 2017), and their progeny?

2. If a state resentencing court issues a new judgment as to only one of several counts—leaving the conviction and sentence for the remaining counts undisturbed—does this new judgment allow a habeas petitioner to file an otherwise untimely § 2254 petition, challenging his underlying conviction as to all the counts?

The Clerk is directed to **TRANSMIT** a copy of this Order to the U.S. Court of Appeals for the Eleventh Circuit. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on October 4, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Eleventh Circuit Clerk of Court
56 Forsyth Street, NW
Atlanta, GA 30303