# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ROBERT KLECKLEY,

*Petitioner-Appellant*,

v.

STATE OF FLORIDA,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Southern District of Florida
No. 0:19-cv-62972-RKA (Hon. Roy K. Altman)

## APPELLANT'S REPLY BRIEF

R. Stanton Jones
Andrew T. Tutt
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
stanton.jones@arnoldporter.com
andrew.tutt@arnoldporter.com

William T. Sharon
Lisa Cordara
ARNOLD & PORTER
 KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689
william.sharon@arnoldporter.com
lisa.cordara@arnoldporter.com

*Counsel for Appellant Robert Kleckley*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1(a)(1) and 26.1-2(c), Appellant Robert Kleckley, through undersigned counsel, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement.

Kleckley states that he is not a corporation, does not have a parent corporation, nor has he issued shares or debt securities to the public. Kleckley is not a subsidiary or affiliate of any publicly owned corporations.

I hereby certify that the following have an interest in the outcome of this appeal:

1. Altman, Honorable Roy K., *District Court Judge*

2. Arnold & Porter Kaye Scholer LLP, *Attorneys for Appellant*

3. Bidwill, Honorable Martin J. (17th Circuit Judge)

4. Bober, Honorable Bernard I. (17th Circuit Judge)

5. Bondi, Pamela Jo ([former] Attorney General)

6. Buschel, Robert C. (Appellate Counsel)

7. Butterworth, Robert A. ([former] Attorney General)

8. Chloupek, Joseph (Assistant Public Defender)

9. Ciklin, Honorable Corey J. (Fourth District Judge)

10. Cohn, Honorable James I. (U.S. District Judge [former 17th Cir. Judge])

11. Conner, Honorable Burton C. (Fourth District Judge)

12. Cordara, Lisa, *Attorney for Appellant*

13. Crist, Charlie ([former] Attorney General)

14. Edwards, K. (witness)

15. Egber, Mitchell A., *Attorney for Appellee*

16. Farmer, Honorable Gary M. ([former] Fourth District Judge)

17. Florida Office of Attorney General, *Attorneys for Appellee*

18. Forman, Rachel L., *Attorney for Appellant*

19. Gardiner, Honorable Ana ([former] 17th Circuit Judge) – Disbarred

20. Gerber, Honorable Jonathan D. (Fourth District Judge)

21. Gorman, James (witness)

22. Gross, Honorable Robert M. (Fourth District Judge)

23. Gunther, Honorable Bobby W. ([former] Fourth District Judge)

24. Haughwout, Carey (Public Defender)

25. Hazouri, Honorable Fred A. ([former] Fourth District Judge)

26. Holden, Peter ([former] Assistant State Attorney)

27. Hugentugler, Susan Odzer ([former] Assistant State Attorney)

28. Jones, R. Stanton, *Attorney for Appellant*

29. Jorandby, Richard L. ([former] 15th Circuit Public Defender)

30. Kleckley, Kimberly (witness)

31. Kleckley, Robert, *Petitioner-Appellant*

32. Klein, Honorable Larry A. ([former] Fourth District Judge)

33. Kuntz, Honorable Jeffrey T. (Fourth District Judge)

34. Lipson, Alan T. ([former] Assistant Public Defender)

35. Louis, Honorable Lauren Fleischer, *Magistrate Judge*

36. Major, Sheila (witness)

37. May, Honorable Melanie G. (Fourth District Judge)

38. McHugh, Dennis (Trial Counsel)

39. Mielke, Thomas C. ([former] Assistant Attorney General)

40. Moody, Ashley (Attorney General)

41. Nelson, Ava (witness)

42. Polen, Honorable Mark E. ([former] Fourth District Judge)

43. Raft, J. Scott (Assistant State Attorney)

44. Rebollo, Honorable Carlos S. (17th Circuit Judge [former Assistant State Attorney])

45. Reid, Honorable Lisette M., *Magistrate Judge*

46. Rich, M.S. (witness)

47. Rodriguez, Miguel (victim/witness)

48. Sandler, Sarah W. (Assistant Public Defender)

49. Satz, Michael J. ([former] State Attorney)

50. Schreiber, Alan H. ([former] Public Defender)

51. Sharon, William T., *Attorney for Appellant*

52. Smith, Neva (Assistant State Attorney)

53. State of Florida, *Respondent-Appellee*

54. Stevenson, Honorable W. Matthew ([former] Fourth District Judge)

55. Stone, Honorable Barry ([former] Fourth District Judge)

56. Taylor, Honorable Carole Y. ([former] Fourth District Judge)

57. Tutt, Andrew T., *Attorney for Appellant*

58. Warner, Honorable Martha C. (Fourth District Judge)

59. Worthy, Anesha, *Attorney for Appellee*


Dated: April 11, 2024                   Respectfully submitted,

                                        */s/ William T. Sharon*

R. Stanton Jones                        William T. Sharon
Andrew T. Tutt                          Lisa Cordara
ARNOLD & PORTER                         ARNOLD PORTER
  KAYE SCHOLER LLP                        KAYE SCHOLER LLP
601 Massachusetts Avenue, NW            250 West 55th Street
Washington, DC 20001                    New York, NY 10019-9710
Telephone: (202) 942-5000               Telephone: (212) 836-8000
Fax: (202) 942-5999                     Fax: (212) 836-8689
stanton.jones@arnoldporter.com          william.sharon@arnoldporter.com
andrew.tutt@arnoldporter.com            lisa.cordara@arnoldporter.com


*Counsel for Appellant Robert Kleckley*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT ................................................................C-1

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ................................................................................1

ARGUMENT ........................................................................................4

I.     Kleckley's Petition Was Timely.................................................4

  A.   The State Concedes Issue 1 ....................................................4

  B.   The State Fails To Defend Issue 2 ..........................................5

II.    The Court Should Reverse And Remand This Case ...................11

  A.   The State's Alternate Theory Is Procedurally Improper ..............11

  B.   The State's Alternate Theory Fails On The Merits ......................15

       1.    Kleckley Did Not Default Claims Four And Six ................15

       2.    Any Default Is Excused Under *Martinez v. Ryan*..............18

            a.    Kleckley Can Establish Cause And Prejudice Under
                Martinez .................................................................18

            b.    At Minimum, Remand Is Necessary........................22

            c.    Kleckley Has Made A "Substantial Showing" Of The
                Denial Of A Constitutional Right .............................23

CONCLUSION....................................................................................25

CERTIFICATE OF SERVICE ............................................................27

CERTIFICATE OF COMPLIANCE....................................................28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adinolfe v. United Techs. Corp.*,
   768 F.3d 1161 (11th Cir. 2014) ...........................................................12

*Adkins v. Warden, Holman CF*,
   710 F.3d 1241 (11th Cir. 2013) .............................................................6

*Alderman v. Zant*,
   22 F.3d 1541 (11th Cir. 1994) ...............................................................16

*Atkins v. Att'y Gen. of State of Ala.*,
   932 F.2d 1430 (11th Cir. 1991) .............................................................25

*Berman v. United States*,
   302 U.S. 211 (1937)...............................................................................4

*Breakiron v. Horn*,
   642 F.3d 126 (3d Cir. 2011) .................................................................24

*Brown v. Sec'y, Dep't of Corr.*,
   750 F. App'x 915 (11th Cir. 2018) ........................................................5

*Bruno v. State*,
   807 So. 2d 55 (Fla. 2001) .....................................................................21

*Burton v. Stewart*,
   549 U.S. 147 (2007)...............................................................................7

*Coleman v. Goodwin*,
   833 F.3d 537 (5th Cir. 2016) ................................................................23

*Cone v. Bell*,
   556 U.S. 449 (2009)...............................................................................16

*Cook v. Sec'y, Dep't of Corr.*,
   686 F. App'x 766 (11th Cir. 2017) ......................................................12

*Crace v. Herzog,*
  798 F.3d 840 (9th Cir. 2015) ..............................................24

*Crowson v. Washington Cnty. Utah,*
  983 F.3d 1166 (10th Cir. 2020) .......................................14

*Deal v. United States,*
  508 U.S. 129 (1993)..........................................................2

*Ferreira v. Sec'y, Dep't of Corr.,*
  494 F.3d 1286 (11th Cir. 2007) .........................................9

*Ferrell v. Hall,*
  640 F.3d 1199 (11th Cir. 2011) .......................................24

*Fifield v. Sec'y, Dep't of Corr.,*
  849 F. App'x 829 (11th Cir. 2021) ............................20, 21

*Foster v. United States,*
  996 F.3d 1100 (11th Cir. 2021) ....................................12, 13

*Harris v. Reed,*
  489 U.S. 255 (1989)........................................................16

*Hartley v. Fla. Atty. Gen.,*
  No. 19-13921, 2020 WL 5991473 (11th Cir. May 7, 2020) ...........19

*Hittson v. GDCP Warden,*
  759 F.3d 1210 (11th Cir. 2014) ....................................22, 23

*Holland v. Florida,*
  560 U.S. 631 (2010)......................................................4-5

*Howard v. United States,*
  374 F.3d 1068 (11th Cir. 2004) .......................................13

*Insignares v. Sec'y, Fla. Dep't of Corr.,*
  755 F.3d 1273 (11th Cir. 2014) .....................................7, 10

*Jimenez v. Quarterman,*
  555 U.S. 113 (2009)..........................................................4

*Jones v. Sec'y, Fla. Dep't of Corr.*,
  906 F.3d 1339 (11th Cir. 2018) ..........................................................16

*Leberry v. Howerton*,
  583 F. App'x 497 (6th Cir. 2014) .......................................................23

*Leeds v. Russell*,
  75 F.4th 1009 (9th Cir. 2023) .............................................................20

*Maes v. Thomas*,
  46 F.3d 979 (10th Cir. 1995) ..............................................................14

*Magwood v. Patterson*,
  561 U.S. 320 (2010).............................................................................2

*Maharaj v. Sec'y for Dep't of Corr.*,
  304 F.3d 1345 (11th Cir. 2002) .....................................................2, 6, 7

*Martinez v. Ryan*,
  566 U.S. 1 (2012).............................................. 3, 15, 18, 19, 20, 21, 22

*McKissick v. Busby*,
  936 F.2d 520 (11th Cir. 1991) ...........................................................12

*McKiver v. Sec'y, Fla. Dep't of Corr.*,
  991 F.3d 1357 (11th Cir. 2021) ....................................................18, 21

*Miller–El v. Cockrell*,
  537 U.S. 322 (2003)...........................................................................22

*MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*,
  40 F.4th 1295 (11th Cir. 2022) ..........................................................11

*Murphy v. United States*,
  634 F.3d 1303 (11th Cir. 2011) ...........................................................8

*Nyland v. Moore*,
  216 F.3d 1264 (11th Cir. 2000) .........................................................12

*Patterson v. Sec'y, Fla. Dep't of Corr.*,
  849 F.3d 1321 (11th Cir. 2017) ...........................................................9

*Paylor v. Evans*,
133 F.3d 932 (10th Cir. 1998) ...........................................................14

*Ponton v. Fla. Dep't of Corr.*,
891 F.3d 950 (11th Cir. 2018) ...........................................................12

*Rhines v. Weber*,
544 U.S. 269 (2005)...........................................................................7

*Robertson v. State*,
532 So. 2d 90 (Fla. Dist. Ct. App. 1988) ..........................................23

*Rocha v. Sec'y, Fla. Dep't of Corr.*,
692 F. App'x 576 (11th Cir. 2017) .....................................................6

*Rodney v. Filson*,
916 F.3d 1254 (9th Cir. 2019) .....................................................20, 22

*Sanders v. Ryder*,
183 F. App'x 666 (9th Cir. 2006) .................................................24, 25

*Slack v. McDaniel*,
529 U.S. 473 (2000)...........................................................22, 23, 25

*Sneathen v. Sec'y, Dep't of Corr.*,
787 F. App'x 567 (11th Cir. 2019) ...........................18, 19, 20, 21

*Strickland v. Washington*,
466 U.S. 668 (1984)..........................................................................25

*Thompson v. Fla. Dep't of Corr.*,
606 F. App'x 495 (11th Cir. 2015) ....................................................10

*Trest v. Cain*,
522 U.S. 87 (1997)............................................................................13

*Trevino v. Thaler*,
569 U.S. 413 (2013)...........................................................19, 20, 21

*Turner v. Duncan*,
158 F.3d 449 (9th Cir. 1998) .............................................................14

*United States v. Doyle*,
    130 F.3d 523 (2d Cir. 1997) .................................................................24

*United States v. Harris*,
    703 F.2d 508 (11th Cir. 1983) ..........................................................24

*Williams v. Alabama*,
    791 F.3d 1267 (11th Cir. 2015) ....................................................16, 18

*Workman v. Superintendent Albion SCI*,
    915 F.3d 928 (3d Cir. 2019) ..............................................................19

*Ylst v. Nunnemaker*,
    501 U.S. 797 (1991)...........................................................................16

*Zack v. Tucker*,
    704 F.3d 917 (11th Cir. 2013) ..........................................................10

## Statutes and Rules

28 U.S.C. § 2244(d)(1)(A) .....................................................................7, 10

11th Cir. R. 36-2 .......................................................................................6

## Other Authorities

Brian R. Means, Federal Habeas Manual § 8:76 (May 2023 update) .....................14

# INTRODUCTION

In the first two sentences of its Summary of Argument, the State concedes the issues on appeal:

> Kleckley's resentencing on April 9, 2010, resulted in a new judgment that restarted the statute of limitations under the applicable statute allowing him to seek federal habeas relief. Because claims 4-10 in the petition he filed challenged this new judgment, the district court should not have dismissed them as untimely.

Opp. 10. The State also admits that "governing precedent from this Court establishe[s] that the resentencing on Count II reopened the limitations period to attack the judgment in federal habeas proceedings." Opp. 30.

The district court granted Kleckley a certificate of appealability ("COA") on two issues: (1) whether Kleckley's 2010 resentencing "constitute[d] a 'new judgment,'" and (2) whether a "new judgment allow[s] a habeas petitioner to" timely "challeng[e] his underlying conviction as to all the counts." A547 (Doc. 31 at 17). The State abandons the first issue entirely, admitting that "the district court's conclusion . . . was erroneous." Opp. 15. On the second issue, the State concedes that the district court "erred," Opp. 11, but quibbles about the scope of the error. It admits that Kleckley should have been permitted "to challenge the underlying conviction" on Count 2 (contrary to the district court's dismissal of *all* challenges to the conviction), but contends that Kleckley's petition remains untimely as to Count 1. Opp. 16.

Even as to Count 1, however, the State fails to support its timeliness argument. The State ignores that AEDPA's statute of limitations "applies to *an application* as a whole," *Magwood v. Patterson*, 561 U.S. 320, 334-35 & n.10 (2010), even when the challenged "judgment" contains "several counts," *Deal v. United States*, 508 U.S. 129, 133 n.1 (1993). The State also ignores this Court's published decision that AEDPA's statute of limitations for all counts in a multicount judgment runs from the petitioner's resentencing on a single count. *See Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348-49 (11th Cir. 2002). And the State has no response to *amici* Federal Courts Scholars, who explain that a contrary "rule not only allows, but in some cases requires, . . . piecemeal litigation," contravening AEDPA's text and purposes. Scholars Br. 13. Finally, the State fails to explain how Kleckley possibly *could* challenge his conviction on Count 2 without also challenging his conviction on Count 1, since many of his claims pertain equally to both Counts.

To the extent the State makes any attempt to defend the district court's reasoning, it echoes the untenable conclusion that there were *two* judgments in this case—one on each Count—so Kleckley should have brought piecemeal federal habeas petitions challenging them one at a time. But the State makes no effort to justify its position as a textual matter. It ignores the Federal Courts Scholars' point that "there is only a single 'judgment' that resolves all counts as to both guilt and sentencing—not separate judgments for convictions and for sentences, or separate

judgments for each criminal count." Scholars Br. 10. And again, even if there were two judgments, the State admits that Kleckley *still* should have been able "to challenge the underlying conviction and sentence on Count II in a habeas petition without running afoul of the § 2244(d)(1)(A) statute of limitations." Opp. 29-30. In other words, by the State's own reckoning, the district court was *still* wrong.

Having conceded error on both issues in the COA, the State nevertheless asks this Court to affirm on the alternate ground that Kleckley procedurally defaulted in state court. As an initial matter, the State failed to preserve this affirmative defense below, so Judge Altman understandably didn't consider it in any of his three substantive orders in this case. Instead, he decided the "central question[]" of timeliness, and acknowledged that "reasonable jurists *have* disagreed" with his conclusion. A544 (Doc. 31 at 14).

In any event, the State's alternate theory is plainly wrong. First, Kleckley did *not* default at least two of his claims because he raised them in state court, where they were decided on the merits. And five of Kleckley's claims fall squarely within the exception articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012). The State's procedural default defense not only comes too late, it misses the mark. This Court should reverse.

## ARGUMENT

## I.      Kleckley's Petition Was Timely

### A.      The State Concedes Issue 1

The State admits that the district court's decision on Issue 1 "was erroneous." Opp. 15. Although the district court correctly acknowledged that "a resentencing that results in a 'new' judgment would reset *all* of Kleckley's claims," it incorrectly concluded that Kleckley's 2010 resentencing didn't yield a new judgment. A452 (Doc. 20 at 4). In its response, the State concedes that "[b]ased on the [relevant] governing case law and controlling precedent from this Court, Kleckley's resentencing on April 9, 2010, resulted in a new judgment that restarted the AEDPA statute of limitations." Opp. 13-14. Since the State concedes Issue 1, the only question remaining on appeal is whether Kleckley also wins on Issue 2.[1] *See Holland*

---

[1] In his opening brief, Kleckley explained that even if his resentencing was not a *new* judgment, his petition was timely because his resentencing reopened his direct appeal. Br. 50-52 (discussing *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009)). Because the State concedes that "the resentencing constituted a new intervening judgment, consideration of this issue is unnecessary to the Court's resolution of this [case]." Opp. 28. If the Court reaches the issue, however, the State is wrong that "Kleckley's resentencing . . . did not reopen his 'direct appeal' under Florida law." Opp. 30. The Florida court remanded "for resentencing" *unless* the State could submit "record portions conclusively refuting [Kleckley's] claim." A201 (Doc. 12-2 at 184). The State didn't submit record portions, so the Florida court resentenced Kleckley and expressly reopened his "direct appeal from the sentencing," A418 (Doc. 13-2 at 54), which "*is* the judgment," *Berman v. United States*, 302 U.S. 211, 212 (1937) (emphasis added). The State also is wrong that "[t]his issue is outside the scope of the COA." Opp. 28. The question of when Kleckley's *original* judgment became final is "inextricably tied" to whether he timely petitioned after a *new*

4

*v. Florida*, 560 U.S. 631, 645 (2010) (noting that "the AEDPA statute of limitations defense is not 'jurisdictional'" and is "thus subject to waiver and forfeiture" (cleaned)).

## B. The State Fails To Defend Issue 2

As it turns out, the State also doesn't defend Issue 2, admitting "[t]he district court erred." Opp. 11. Issue 2 is whether a resentencing on one count of a two-count conviction resets AEDPA's statute of limitations to challenge both counts. The district court concluded that it doesn't. In his opening brief, Kleckley identified numerous flaws in the district court's statutory interpretation, and pointed out that this Court has foreclosed the district court's conclusion in a published opinion.

The State doesn't attempt to rebut Kleckley's statutory interpretation. As Kleckley noted in his opening brief, "AEDPA's statute of limitations applies to the 'application' as a whole, not to individual 'claims,' and the relevant 'judgment' includes all its underlying counts." Br. 25-26; *see* Br. 37-41. And as *amici* Federal Courts Scholars note, "there is only a single 'judgment' that resolves all counts as to both guilt and sentencing—not separate judgments for convictions and for sentences, or separate judgments for each criminal count, as the district court here held."

---

judgment. *Brown v. Sec'y, Dep't of Corr.*, 750 F. App'x 915, 917 n.1 (11th Cir. 2018).

Scholars Br. 10. The State offers no response. *See Adkins v. Warden, Holman CF*, 710 F.3d 1241, 1247 (11th Cir. 2013) (State waives issues it doesn't address).

In his opening brief, Kleckley also noted that this Court "directly foreclosed the district court's conclusion in a published opinion." Br. 42. In *Maharaj v. Secretary for Department of Corrections*, 304 F.3d 1345 (11th Cir. 2002) (per curiam), this Court held that AEDPA's statute of limitations runs for petitions challenging all counts only after resentencing has occurred on the final count. *Id.* at 1438-39. That holding is irreconcilable with the district court's conclusion that each count triggers its own statute of limitations. But the State doesn't even mention, let alone distinguish, *Maharaj*. Instead, it asks the Court to reject the principle articulated in *Maharaj* on the theory that this Court's most recent reiteration of that principle was in an unpublished decision, *Rocha v. Secretary, Florida Department of Corrections*, 692 F. App'x 576, 577 (11th Cir. 2017). Opp. 22. According to the State, "this Court's decision in *Rocha* . . . is erroneous." Opp. 22.

But Kleckley didn't cite *Rocha* as binding precedent; he cited *Rocha* for the point that this Court "continues to adhere to the conclusion in *Maharaj*," which *is* binding precedent. Br. 44. In fact, district courts in this Circuit regularly rely on *Maharaj* in the exact circumstances of Kleckley's case. Br. 43-44. And anyway, the State concedes that "this Court's decision in *Rocha* is persuasive authority supporting Kleckley's argument." Opp. 25; *see* 11th Cir. R. 36-2.

Finally, the State doesn't dispute that under its (and the district court's) view, a petitioner would need to file piecemeal habeas petitions as individual counts are resolved in state courts. This would contravene AEDPA's "purpose of reducing 'piecemeal litigation,'" *Burton v. Stewart*, 549 U.S. 147, 154 (2007), and its "goal of streamlining federal habeas proceedings," *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (quotation marks omitted).

Failing to rebut any of Kleckley's arguments or respond to the Federal Courts Scholars, the State simply repeats the district court's conclusion that "[e]ach count should be considered its own judgment with AEDPA's one-year limitations period running from each judgment." Opp. 23; *see* A539 (Doc. 31 at 9) (district court opining that Kleckley would "have been subject to two different" judgments—one on each Count—"each with its own separate finality date under § 2244"). But Kleckley has already explained why this argument is wrong as a matter of statutory interpretation, *see* Br. 37-41, and—again—the State doesn't respond. As this Court has explained, "there is only *one* judgment," *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (emphasis added), and it encompasses "all of [the petitioner's] convictions and sentences," *Maharaj*, 304 F.3d at 1349. And as the Federal Courts Scholars note, the State's proposed rule "not only allows, but in some cases requires, th[e] type of piecemeal litigation" that contravenes AEDPA's purpose. Scholars Br. 13 (quoting 28 U.S.C. § 2244(d)(1)(A)).

The State's multiple-judgment theory underscores why its reading of AEDPA is untenable. *See* Br. 47-48. If, as the State asserts, Kleckley received a "new judgment" *on Count 2*, and "AEDPA's one-year limitations period run[s] from [that] judgment," Opp. 23, then Kleckley should have been permitted to "challenge both the underlying conviction and the resentencing" on Count 2, *Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011). *The State agrees*. In fact, it argues that because the resentencing "authorized Kleckley's confinement on Count II," it "allow[s] him to challenge the underlying conviction and sentence on Count II in a habeas petition without running afoul of the § 2244(d)(1)(A) statute of limitations." Opp. 29-30.

But the district court dismissed *all* of Kleckley's claims challenging his conviction, even to the extent they pertain to Count 2. By the State's own reckoning, that was erroneous.

Further, by admitting that Kleckley can "challenge the underlying conviction and sentence on Count II," Opp. 29-30, the State reveals the absurdity of its position that Kleckley cannot challenge the underlying conviction on Count 1. To see why, one need only read Kleckley's petition. Several of his challenges pertain equally to Counts 1 and 2, because they stem from the same event, were tried together, and are defective for the same reasons. When Kleckley's defense counsel misinformed the jury about the presumption of innocence, that infected Counts 1 and 2 equally. A16

8

(Doc. 1 at 10) (fifth claim). When Kleckley's counsel failed to call hair and "fingerprints expert[s] [who] would have testified and proven [Kleckley] was not the perpetrator," that undermined Kleckley's defense on both Counts. A20-A21 (Doc. 1 at 14-15) (eighth and ninth claims). And when counsel failed to prevent tainted evidence from being entered at trial, that undermined Kleckley's claim that he "was framed" for the entire crime. A22 (Doc. 1 at 16) (tenth claim). If Kleckley establishes that the jury presumed him guilty, he was not the perpetrator, and he "was framed," it would be preposterous to vacate only Count 2. Rather, if Kleckley may "challenge the underlying conviction and sentence on Count II in a habeas petition without running afoul of the § 2244(d)(1)(A) statute of limitations," Opp. 29-30, he necessarily also can challenge his conviction on Count 1. It would be impossible for him to do otherwise.

If what the State really means is that Kleckley's *sentence* on Count 1 is the judgment that "authorizes his confinement," *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1327 (11th Cir. 2017) (en banc), it overlooks this Court's guidance that "the judgment to which AEDPA refers is the underlying conviction and *most recent* sentence that authorizes the petitioner's current detention," *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) (emphasis added). The State obviously doesn't suggest that Kleckley's 2000 sentencing is more "recent" than his

2010 resentencing. And it concedes that the 2010 resentencing "authorized Kleckley's confinement." Opp. 29-30.

Finally, according to the State, "*Magwood* did not conclude that a claim-by-claim approach is per se never warranted in the context of evaluating the timeliness of a habeas petition." Opp. 24. But while AEDPA's statute of limitations applies on a claim-by-claim basis under Sections 2244(d)(1)(B), 2244(d)(1)(C), and 2244(d)(1)(D), *see Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013) (en banc), the limitations period under Section 2244(d)(1)*(A)*—the provision at issue here—runs from "the date on which the *judgment* became final," irrespective of the individual claims. 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Like the "second or successive" provision that was at issue in *Magwood*—and which also concerns the "judgment"—the limitations period under Section 2244(d)(1)(A) "applies to habeas *petitions*, not to the *claims* they raise." *Insignares*, 755 F.3d at 1279.

In fact, as the Federal Courts Scholars note, *see* Scholars Br. 17-18, a panel of this Court vacated a decision of the Southern District of Florida for making the exact mistake the State makes here. *See Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505-06 (11th Cir. 2015) (unpublished). The panel in *Thompson* explained that although this Court "follows a claim by claim approach" under Section 2244(d)(1)(C), it doesn't follow that approach for "claims relate[d] to a single judgment—a judgment that is based on both [the petitioner's] convictions and his

sentences," for which "the statute of limitations [is] provided entirely by § 2244(d)(1)(A), running from a single trigger date when the . . . judgment became final." *Id.*

## II. The Court Should Reverse And Remand This Case

Having conceded Issue 1 and having failed to defend Issue 2, the State devotes much of its response brief to an alternate theory that neither the magistrate judge nor the district court considered below. According to the State, Kleckley procedurally defaulted his claims in Florida court, so it urges this Court to affirm *even if* Kleckley wins on the issues Judge Altman actually decided and certified for appeal. But the State's alternate theory is procedurally improper and, regardless, fails on the merits.

### A. The State's Alternate Theory Is Procedurally Improper

This appeal is not the place to litigate the State's procedural default defense in the first instance. That defense is unpreserved because the State failed to raise the issue to the district court after the magistrate judge's report and recommendation ("R&R"), which didn't even mention procedural default. At minimum, the Court should return the issue to Judge Altman, who has written several lengthy opinions in this case, certified two questions for appeal, and reissued the COA after this Court's limited remand.

This Court "generally will not consider issues which the district court did not decide." *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295,

1306 (11th Cir. 2022) (quotation marks omitted); *see McKissick v. Busby*, 936 F.2d 520, 522 (11th Cir. 1991). It typically "analyze[s] only the grounds for dismissal which the district court found dispositive." *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1172 (11th Cir. 2014).

"When reviewing the district court's denial of a habeas petition," if "there is an issue that the district court did not decide in the first instance, it is not properly before this Court and [this Court] remand[s] for the district court's consideration." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000); *Foster v. United States*, 996 F.3d 1100, 1106 (11th Cir. 2021) (declining to consider procedural default on appeal, in part because "the district court [did not] dispose of [the] petition on the basis of procedural default"). Where—as here—"the district court rule[s] only on the basis that [the appellant's] habeas petition was untimely, no other issues are properly before this Court." *Cook v. Sec'y, Dep't of Corr.*, 686 F. App'x 766, 768 (11th Cir. 2017) (unpublished).[2]

Here, there is overwhelming reason to reject the State's procedural default theory or, at very least, remand for the district court to decide the issue in the first instance. ***First***, for the reasons discussed below, *see infra* II.B, the State's procedural

---

[2] Although this Court technically *can* affirm on alternate grounds in certain cases, its decision to do so is discretionary, and it routinely declines to exercise that discretion. *See, e.g.*, *Ponton v. Fla. Dep't of Corr.*, 891 F.3d 950, 954 n.8 (11th Cir. 2018) (declining to decide the timeliness of a habeas petition because "the district court never addressed the timeliness of [the] petition").

default defense fails on the merits. That might be one reason why Judge Altman dismissed Kleckley's petition on timeliness grounds rather than procedural default grounds, despite acknowledging that reasonable jurists could disagree—indeed, "*have* disagreed"—on the "central question[]" of timeliness. A544 (Doc. 31 at 14).

***Second***, the State failed to preserve its procedural default argument because it did not present that argument to the district court after the magistrate judge issued a recommendation with no mention of procedural default. "[I]n the habeas context, a procedural default . . . is not a jurisdictional matter," but an affirmative "defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." *Trest v. Cain*, 522 U.S. 87, 89 (1997) (cleaned); *see, e.g.*, *Foster*, 996 F.3d at 1106-07 (government waived procedural default affirmative defense by making "only oblique reference to procedural default" in district court); *Howard v. United States*, 374 F.3d 1068, 1073 (11th Cir. 2004) (determining that although the petitioner's "claim [was] procedurally barred," the government could not raise that defense on appeal, because it failed to preserve the argument below, "and the court did not bring it up either").

Here, the State never presented its procedural default argument to the district court after the magistrate judge issued the R&R, even though the R&R did not recommend dismissal on procedural default grounds. The State thus forfeited its procedural default argument, or, at very least, rendered it an inappropriate alternate

basis to affirm. *See, e.g.*, *Paylor v. Evans*, 133 F.3d 932 (10th Cir. 1998) (Table) (state waived procedural default argument by failing to object to R&R recommending dismissal on other grounds); *Maes v. Thomas*, 46 F.3d 979, 983-84 (10th Cir. 1995) (declining to consider procedural default on appeal because the state "failed to object to the magistrate's findings and recommendations" of dismissal on other grounds, and "[t]his failure constitute[d] waiver of the procedural default argument"); *cf. Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (holding that the government waived its procedural default argument as an alternate ground to affirm dismissal, because it failed to raise that argument in its objection to the magistrate judge's recommendation).[3]

***Finally***, at a minimum, the State's affirmative defense of procedural default warrants full briefing and analysis in district court, not merely a perfunctory exchange between a response and a reply in an appeal on other questions. Despite issuing several substantive decisions addressing the topics in the COA, and certifying the timeliness questions for appeal, Judge Altman never said a word about the State's procedural default argument. After all, the State decided not to present

---

[3] While courts are split on whether the prevailing party in district court waives arguments by failing to object to a magistrate judge's recommendation, *see* Brian R. Means, Federal Habeas Manual § 8:76 (May 2023 update) (outlining circuit split), that uncertainty is all the more reason *not* to affirm on the State's alternate theory, *see, e.g.*, *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1182 (10th Cir. 2020) (declining to affirm on alternate grounds when "the result would be deepening a circuit split").

that argument to Judge Altman after the magistrate judge issued the R&R addressing only the timeliness question. Kleckley, who objected to the R&R, likewise had no reason to rebut a phantom procedural default defense. The State then sat by while Judge Altman decided the "central questions" in the case, on which "reasonable jurists *have* disagreed." A544 (Doc. 31 at 14). This Court should not be the first to consider an alternate theory the State elected not to press below.

## B. The State's Alternate Theory Fails On The Merits

Even if this Court addresses the State's procedural default defense in the first instance, Kleckley did *not* default on at least two of his claims. And at least five of his claims fall squarely within the exception the Supreme Court articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012).

### 1. Kleckley Did Not Default Claims Four And Six

The Florida state courts decided Kleckley's Fourth and Sixth claims on the merits, so he didn't procedurally default on those claims. In fact, the State admitted below that Kleckley "raised the specific issue[s]" he raises now. A74 (Doc. 11 at 42). A Florida state court rejected those claims on the merits, AA.Vol.2 at 45 (Doc. 12-2 at 101),[4] and a subsequent Florida court rejected them on estoppel grounds because they had already been "raised and addressed." A184 (Doc. 12-2 at 167).

---

[4] To support its alternate argument, the State filed a three-volume supplemental appendix. This Brief cites the State's supplemental appendix, Dkt. 43, as "AA.Vol.# at ###."

When "a state court reach[es] the merits of a claim," there is no procedural default bar to federal habeas review of that claim. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). In fact, there is no procedural default "bar [to] consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case *clearly and expressly* states that its judgment rests on a state procedural bar" rather than the merits. *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1346 (11th Cir. 2018) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)) (cleaned). Further, "[f]ederal courts have long recognized that a state court's refusal to re-address the merits of a claim, on the grounds that the claim has already been given full consideration in some previous proceeding, imposes no barrier to federal review," but actually "provides strong evidence that the claim has already been given full consideration by the state courts and thus is ripe for federal adjudication." *Williams v. Alabama*, 791 F.3d 1267, 1274-75 (11th Cir. 2015) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991), and quoting *Cone v. Bell*, 556 U.S. 449, 467 (2009)) (emphasis removed).

Here, the Florida state courts rejected Kleckley's Fourth and Sixth claims on the merits. Kleckley alleges in his Fourth claim that his "verdict form [did] not conform to the jury instructions," and that his trial counsel was ineffective for failing to object on that ground. A15 (Doc. 1 at 9). In his Sixth claim, he alleges that because of the defective verdict form, he "was fundamentally denied due process." A17

(Doc. 1 at 11). Kleckley argues that although the trial court "gave the jury instructions on the option to find [that he] committed the crime charged, or any lesser included offense, with a firearm or without a firearm, which findings would subject [him] to an enhanced sentence," "on the verdict form the jury **was not** given the option to find that [he] committed the offense of attempted murder **without** the enhancement provisions." A17 (Doc. 1 at 11) (emphasis in original).

Kleckley raised these claims in state court, and they were rejected on the merits. In a *pro se* collateral motion in 2007, Kleckley argued "that the jury was given instructions on first degree attempted murder . . . but on the jury verdict form was not given the option to find that [he] committed the said attempted murder [without] the firearm." Doc. 12-2 at 74-75. As the State admitted below, Kleckley thus "raised the specific issue regarding the jury verdict form he raises in the instant [federal habeas proceeding]." A74 (Doc. 11 at 42). And the State responded on the merits in the Florida court, arguing that "[t]he jury rendered a guilty verdict as charged." AA.Vol.2 at 45 (Doc. 12-2 at 101). The Florida court agreed with the State on the merits and adopted its reasoning in full. *See* Doc. 12-2 at 111.

Moreover, a subsequent Florida court prohibited Kleckley from raising these issues again later, on the ground that they already had been "raised and addressed by this Court." A184 (Doc. 12-2 at 167). And when Kleckley tried to raise his ineffective assistance and due process claims in state court *after* his 2010

resentencing, the State responded that "Kleckley raised the exact issue[s] before the appellate court" already, and they "had been previously litigated." AA.Vol.2 at 141 (Doc. 12-3 at 54). This confirms "that [Kleckley's] claim[s] ha[ve] already been given full consideration by the state courts and thus [are] ripe for federal adjudication." *Williams*, 791 F.3d at 1275 (citations omitted) (emphasis removed).

## 2.    Any Default Is Excused Under *Martinez v. Ryan*

Even if Kleckley defaulted on one or more of his claims, five of his claims clearly meet the exception to the default bar that the Supreme Court articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Sneathen v. Sec'y, Dep't of Corr.*, 787 F. App'x 567, 572-73 (11th Cir. 2019) (unpublished) (reversing procedural-default dismissal of federal habeas petition because *Martinez* exception applied). As the Supreme Court held in *Martinez*, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." 566 U.S. at 10.

### a. *Kleckley Can Establish Cause And Prejudice Under Martinez*

Under *Martinez*, a petitioner may present an otherwise defaulted "claim of ineffective assistance of trial counsel where four conditions are met." *McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1368 (11th Cir. 2021). Claims 4, 5, 8, 9, and 10 in Kleckley's Section 2254 petition allege ineffective assistance of trial counsel, so if Kleckley defaulted on any of those claims, then the *Martinez* test

applies. As it turns out, none of the factors are even in dispute. Kleckley satisfies all of them.

*Martinez* excuses a procedural default when:

1. "[T]he claim was defaulted because the petitioner had 'no counsel' . . . during the state collateral review proceeding;"

2. "[T]he state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim';"

3. "[S]tate law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding;" and

4. "[T]he claim of 'ineffective assistance of trial counsel' was a 'substantial' claim."

*Id.* (quoting *Trevino v. Thaler*, 569 U.S. 413, 423, 428 (2013)). In other words, when a petitioner "litigated his postconviction motion *pro se*," his "*pro se* status establishes cause to excuse his procedural default." *Sneathen*, 787 F. App'x at 572 (citing *Martinez*, 566 U.S. at 13-14); *see, e.g.*, *Hartley v. Fla. Atty. Gen.*, No. 19-13921, 2020 WL 5991473, at *5 (11th Cir. May 7, 2020) (unpublished) ("Cause exists when state law requires the prisoner to raise a claim of ineffective assistance of trial counsel in his first collateral proceeding and when either the prisoner proceeded *pro se* or his appointed postconviction counsel was ineffective.").

And the petitioner establishes "prejudice" by showing that his underlying IATC "claim is also substantial." *Sneathen*, 787 F. App'x at 572 (citing *Martinez*, 566 U.S. at 13-14); *see, e.g.*, *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) ("Actual resulting prejudice can be established with a substantial

claim of ineffective assistance of trial counsel that would otherwise have been deemed defaulted." (citation omitted)); *Rodney v. Filson*, 916 F.3d 1254, 1260 (9th Cir. 2019) ("[A] petitioner who was *not* represented by post-conviction counsel in his initial-review collateral proceeding is not required to make any additional showing of prejudice over and above the requirement of showing a substantial trial-level IAC claim."); *Leeds v. Russell*, 75 F.4th 1009, 1017 (9th Cir. 2023) (noting that "the standard for evaluating the underlying trial counsel IAC claim during the *Martinez* prejudice analysis is" whether "the trial counsel IAC claim is 'substantial'" (cleaned)). Kleckley clearly (and undisputedly) satisfies these criteria.

**First**, Kleckley did not have counsel for his initial-review collateral proceedings. He filed his initial state postconviction motions *pro se*. A120-A130 (Doc. 12-1 at 74-84); AA.Vol.1 at 19-30 (Doc. 12-1 at 102-113). "Thus, [he] meets the first part of the *Martinez* exception." *Fifield v. Sec'y, Dep't of Corr.*, 849 F. App'x 829, 832 (11th Cir. 2021) (unpublished); *Sneathen*, 787 F. App'x at 572 ("[The petitioner's] *pro se* status establishes cause to excuse his procedural default." (citing *Martinez*, 566 U.S. at 13-14)).

**Second**, those proceedings were the "initial" review proceedings with respect to claims for ineffective assistance of trial counsel.[5] *See* A120-A130 (Doc. 12-1 at

---

[5] As in *Trevino*, the *Martinez* exception applies even though Kleckley raised *other* ineffective-assistance claims in his initial collateral challenge. 569 U.S. at 418

74-84); AA.Vol.1 at 19-30 (Doc. 12-1 at 102-113). Kleckley therefore satisfies the second condition.

**Third**, Florida "law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding." *McKiver*, 991 F.3d at 1368 (citing *Trevino*, 569 U.S. at 413, 423). "In Florida, a Rule 3.850 motion is the first proceeding in which a petitioner can bring an IATC claim." *Fifield*, 849 F. App'x at 832 (citing *Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001)). "These claims are typically not cognizable on direct review, so lack of counsel in bringing a Rule 3.850 motion can qualify under the *Martinez* exception." *Id.* (citing *Trevino*, 569 U.S. at 428-29); *see Sneathen*, 787 F. App'x at 572 ("Florida prisoners ordinarily must present claims of ineffective assistance of trial counsel in their first motion for postconviction relief."). Kleckley therefore satisfies the third condition.

**Fourth**, the district court has already determined that Kleckley's ineffective-assistance-of-trial-counsel claims are "substantial." Doc. 45 at 5. To "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, . . . the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. This mirrors the "standard[] for certificates of appealability to issue."

---

(applying *Martinez* exception when the petitioner's "postconviction claims included a claim that his trial counsel was constitutionally ineffective during the penalty phase of [his] trial, but it *did not include*" the claim at issue in the federal habeas petition); *accord Sneathen*, 787 F. App'x at 572-73 (applying *Martinez* even though the petitioner brought *other* IATC claims in his *pro se* postconviction motion).

*Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322 (2003)). The "petitioner must make a 'substantial showing,'" meaning "he must demonstrate that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269-70 (11th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, this Court previously remanded for the district court to clarify "whether Kleckley had made a substantial showing of the denial of a constitutional right," and, if so, to reissue the COA. Dkt. 23 at 3. The district court reissued the COA, concluding that "Kleckley has stated a valid claim of the denial of a constitutional right' in Claims 4–10 of his Petition," and therefore has made a "substantial showing" on "all seven of [his] remaining grounds for relief (Counts 4–10)." Doc. 45 at 2, 5 (quotation marks omitted). The State did not dispute the district court's conclusion. Thus, Kleckley satisfies the fourth *Martinez* factor.

### b. At Minimum, Remand Is Necessary

Were there any doubt that Kleckley satisfies *Martinez*, the proper course would be to remand for the district court to consider the issue in the first instance. In *Rodney v. Filson*, 916 F.3d 1254, 1260 (9th Cir. 2019), for example, the Ninth Circuit remanded "[b]ecause the district court failed to conduct a *Martinez* analysis," and the "standard practice, in habeas and non-habeas cases alike, is to remand to the district court for a decision in the first instance." Likewise, in *Coleman v. Goodwin*,

833 F.3d 537, 543, 544 (5th Cir. 2016), the Fifth Circuit remanded for the district court to "determine whether [the petitioner] ha[d] satisfied the" test "under *Martinez*," reasoning that, "[a]s an appellate court, we cannot adequately evaluate, in the first instance, [a petitioner's] factual allegations against his trial and state habeas lawyers." And in *Leberry v. Howerton*, 583 F. App'x 497, 500 (6th Cir. 2014), "[b]ecause the district court did not determine whether prejudice exist[ed]" under *Martinez*, the Sixth Circuit "remand[ed] this issue for the court to address whether there [was] 'actual prejudice as a result of the alleged violation of federal law.'"

### c. Kleckley Has Made A "Substantial Showing" Of The Denial Of A Constitutional Right

Even if the Court were to conduct a *de novo* analysis, Kleckley meets the standard because he has "demonstrate[d] that 'jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right.'" *Hittson*, 759 F.3d at 1269-70 (quoting *Slack*, 529 U.S. at 473, 484). Kleckley's ineffective assistance of trial counsel claims, which warrant full briefing on remand, are summarized as follows:

> **Claim Four:** Trial counsel did not object to the defective verdict form. A15 (Doc. 1 at 9). Under Florida law, Kleckley "was entitled to" a verdict form with the option "to find [him] guilty of second-degree murder without the [firearm] enhancement." *Robertson v. State*, 532 So. 2d 90, 91 (Fla. Dist. Ct. App. 1988). But the verdict form didn't include an option to find Kleckley guilty of attempted first-degree murder without the firearm enhancement, even though the jury was

23

instructed on that lesser offense. A15 (Doc. 1 at 9). Numerous courts have concluded that omitting a lesser charge from a verdict form can prejudice the defense because the inclusion of the lesser charge could lead the "jury to question" the greater charge. *See, e.g., Crace v. Herzog*, 798 F.3d 840 (9th Cir. 2015); *Breakiron v. Horn*, 642 F.3d 126 (3d Cir. 2011).

**Claim Five:** One of the prospective jurors said, in front of the entire panel before trial, "I assume [Kleckley] is not sitting over there for his health, and common sense tells me that there's guilt involved here." A15 (Doc. 1 at 9). Trial counsel failed to question the jurors individually to ensure they were uninfluenced by this statement. A16 (Doc. 1 at 10). Counsel then "exacerbated the error," A16 (Doc. 1 at 10), by implying that others shared the view that Kleckley "wouldn't be here if he didn't do something wrong." A16 (Doc. 1 at 10). As a result, some "jurors said that defense counsel had to prove innocence." A16 (Doc. 1 at 10). Those errors contravened "the presumption of innocence" that is "[i]mplicit in the concept of fair trial." *United States v. Harris*, 703 F.2d 508, 510 (11th Cir. 1983); *United States v. Doyle*, 130 F.3d 523, 533-39 (2d Cir. 1997) (remanding for new trial because there was a reasonable likelihood the jury "misunderstood its obligations under the presumption of innocence and the reasonable doubt standard").

**Claim Eight:** Trial counsel failed to subpoena the State's investigator or retain a fingerprint analysis expert to analyze physical evidence from the alleged perpetrator's car. One of the issues at trial was whether Kleckley fled in a vehicle that was recovered later. The State's investigator did not "process the vehicle," or the items found inside, for fingerprints. A20 (Doc. 1 at 14) (quotation marks omitted). Expert testimony would have shown Kleckley "was never in the car, because none of the fingerprints would have matched [his] fingerprints." A21 (Doc. 1 at 15); *cf. Ferrell v. Hall*, 640 F.3d 1199, 1227 (11th Cir. 2011) (finding trial counsel's performance ineffective even though counsel hired an expert, because counsel limited the scope of the expert's review); *Sanders v. Ryder*, 183 F. App'x 666, 668 (9th Cir. 2006) (reversing denial of habeas petition because trial counsel was ineffective in failing to consult or hire a DNA expert whose rebuttal testimony "would have significantly undermined" the State's physical evidence).

**Claim Nine:** Trial counsel failed to retain a DNA expert to analyze hair that was used as evidence in the prosecution's case-in-chief. A21 (Doc. 1 at 15). Although trial counsel had reason to believe that Kleckley was not the driver of the car in which the hair was found, counsel did not have the hair tested to determine whether it belonged to someone other than Kleckley. The court thus allowed the State to imply to the jury that Kleckley was the driver. "DNA evidence would have proven that [he] was not [the] perpetrator in the alleged crime." A21 (Doc. 1 at 15); *see Sanders*, 183 F. App'x at 668.

**Claim Ten:** Trial counsel was ineffective for failing to object to the introduction of "tampered evidence," which undermined the fact that the "cumulative evidence found in the vehicle [otherwise would have] support[ed] [that Kleckley] was framed." A22 (Doc. 1 at 16); *see also Atkins v. Att'y Gen. of State of Ala.*, 932 F.2d 1430, 1432 (11th Cir. 1991) (reversing district court judgment because of trial counsel's failure to object to the introduction of certain evidence).

For each of these claims, rational jurists could debate whether trial counsel performed deficiently and whether those errors, alone or in the aggregate, prejudiced Kleckley. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Slack*, 529 U.S. at 484. These issues should be litigated in the district court in the first instance.

## CONCLUSION

The Court should reverse the decision below.

Dated: April 11, 2024

Respectfully submitted,

/s/ William T. Sharon

R. Stanton Jones
Andrew T. Tutt
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
stanton.jones@arnoldpoter.com
andrew.tutt@arnoldporter.com

William T. Sharon
Lisa Cordara
ARNOLD PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689
william.sharon@arnoldporter.com
lisa.cordara@arnoldporter.com

*Counsel for Appellant Robert Kleckley*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was filed electronically on April 11, 2024 and will therefore be served electronically on all counsel.

*/s/ William T. Sharon*
William T. Sharon

*Counsel for Appellant Robert Kleckley*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) and Eleventh Circuit Rule 32-4, because it contains 6,458 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word count feature of Microsoft Word. This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), and Eleventh Circuit Rule 32-3, because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ William T. Sharon*
William T. Sharon

*Counsel for Appellant Robert Kleckley*