July 1, 2024

<u>VIA ECF</u>

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

> Re: *Kleckley v. State of Florida*, 23-10887 – Rule 28(j) Notice of
> Supplemental Authority

Dear Mr. Smith,

Appellant submits *Saint-Cyr v. United States*, No. 22-13110, 2024 WL 1759141 (11th Cir. Apr. 24, 2024) (per curiam), as supplemental authority. The panel held that an inmate's habeas petition challenging his fourth and sixth counts wasn't second or successive because his resentencing on his fifth count resulted in a "new, intervening amended judgment." *Id.* at *1. In a prior petition, the court had "granted Saint-Cyr relief as to Count 5 only," resulting in a "limited resentencing" after which "Saint-Cyr's total sentence remained the same." *Id.* Saint-Cyr then filed another Section 2255 petition. The government argued it was successive "because [it] sought to challenge his undisturbed convictions on Counts 4 and 6." *Id.* at *4.

This Court held that the "amended judgment, which vacated Saint-Cyr's conviction on Count 5 and the related 60-month sentence, constituted a new intervening judgment" that allowed him to challenge Counts 4 and 6. *Id.* at *4. "Although the district court did not conduct a full *de novo* resentencing and Saint-Cyr's total sentence remained the same, the amended judgment nevertheless [was] the operative judgment that authorize[d] Saint-Cyr's current confinement." *Id.* "The amended judgment did not merely make a reduction or correction to his sentence like that in *Patterson*," but "substantively changed the underlying convictions and sentencing package that together form the final judgment by vacating an unlawful conviction and sentence." *Id.* "Thus, the amended judgment [was] a new judgment for purposes of AEDPA." *Id.*

**Arnold&Porter**

Page 2

Issue 2 in Kleckley's appeal is whether a resentencing "as to only one of several counts" that "leav[es] the conviction and sentence for the remaining counts undisturbed" permits a petitioner to "challeng[e] his underlying conviction as to all the counts." A547. The panel in *Saint-Cyr* said yes. It also concluded that *vacating* one count results in a "new judgment," thus resolving the district court's concern that Kleckley couldn't have challenged Count 1 "if the resentencing court had vacated Count 2 completely." A543.

*Saint-Cyr* is on-point and requires reversal here. Though unpublished, it recognized that binding precedent "squarely reject[s] the same argument the government advance[d]." 2024 WL 1759141, at *4.

Sincerely,

*/s/ William T. Sharon*
William T. Sharon
ARNOLD PORTER
   KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689
william.sharon@arnoldporter.com

*Counsel for Appellant*

# Exhibit A

[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13110

Non-Argument Calendar

_____

ANDRE SAINT-CYR,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 0:20-cv-61184-WPD,
0:13-cr-30267-WPD-2

———————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Andre Saint-Cyr appeals from the district court's dismissal for lack of jurisdiction of his *pro se* "motion for reconsideration . . . or petition for writ of *audita querela, habeas corpus, or error coram nobis*" on the ground that it was an unauthorized second or successive motion to vacate sentence under 28 U.S.C. § 2255. After review, we conclude that it was not a second or successive motion because there was a new, intervening amended judgment. Accordingly, we vacate and remand.

## I.    Background

In 2014, a jury found Saint-Cyr guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 2); attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 3); conspiracy to use a firearm during and in relation to a crime of violence as set forth in Count 1 and a drug-trafficking crime as set forth in Counts 2 and 3 of the indictment, in violation of 18 U.S.C. § 924(o) (Count 4); use of a firearm during and in relation to a crime of violence as set forth in Count 1 of the indictment, in violation of 18 U.S.C. § 924(c) (Count 5); use of a firearm during and in relation to a drug trafficking crime as set forth

in Counts 2 and 3 of the indictment, in violation of § 924(c) (Count 6); and possession of an unregistered firearm (silencer), in violation of 26 U.S.C. § 5861(d) (Count 7).  The district court sentenced Saint-Cyr to a total of 295 months' imprisonment, which included a term of 60 months' imprisonment on each of Counts 5 and 6, to run concurrently with each other but consecutively to the other counts.[1]  We affirmed on appeal.  *United States v. Cazy*, 618 F. App'x 569 (11th Cir. 2015).

In July 2016, Saint-Cyr filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255, arguing in relevant part that, *Johnson v. United States*, 576 U.S. 591 (2015),[2] invalidated his convictions under 18 U.S.C. § 924(c) (Counts 5 and 6).  The district court denied the motion on the merits.[3]  Thereafter, Saint-Cyr filed at least two other *pro se* § 2255 motions that were dismissed as unauthorized second or successive motions.

---

[1] In 2017, Saint-Cyr, proceeding *pro se*, successfully moved for a sentence reduction under 18 U.S.C. § 3582(c), and the district court reduced his term of imprisonment on Counts 1–4, which resulted in a reduced total sentence of 248 months' imprisonment.

[2] In *Johnson*, the Supreme Court struck down a portion of the definition of a violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  576 U.S. at 596–97.  Section 924(c)(3)'s definition of a crime of violence contained similar language to that struck down in *Johnson*.  *See* 18 U.S.C. § 924(c)(3)(B).  Therefore, Saint-Cyr argued that *Johnson* should apply to § 924(c)(3)(B) as well.

[3] Although the district court denied the § 2255 motion on the merits, it amended the judgment in an abundance of caution by reducing the special assessment to $600.

Meanwhile, in *United States v. Davis*, the Supreme Court extended its holding in *Johnson* and its progeny to 18 U.S.C. § 924(c) and struck down a portion of § 924(c)(3)(B)'s definition of a crime of violence as unconstitutionally vague. 139 S. Ct. 2319, 2324–25, 2336 (2019). Thereafter, we held that *Davis* announced a new rule of constitutional law within the meaning of § 2255(h)(2) that was retroactively applicable. *See In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019).

Post-*Davis*, Saint-Cyr, proceeding *pro se*, requested permission from this Court to file a second or successive § 2255 motion challenging his convictions on Counts 4 and 5 in light of *Davis*, and we granted his request. The district court ultimately granted Saint-Cyr relief as to Count 5 only, concluding that conspiracy to commit Hobbs Act robbery was no longer a valid predicate crime of violence for purposes of § 924(c) post-*Davis*, thereby rendering his conviction on Count 5 unlawful. Accordingly, in July 2020, the district court issued an amended judgment vacating Count 5 and the corresponding 60-month sentence and related special assessment. However, Saint-Cyr's total sentence remained the same.

Saint-Cyr subsequently filed a *pro se* motion for a limited resentencing and appointment of counsel. The district court denied the motion explaining that Saint-Cyr had already received a "limited resentencing" when the court issued the amended judgment. The district court elaborated about its sentencing

decision further in a second order denying Saint-Cyr relief, explaining as follows:

> The Court exercises discretion and declines to see the need for a new sentencing hearing.  Because a limited resentencing was appropriate, there is no need for the court to require Saint Cyr's presence or to allow objections.    Moreover,  there  was  no  sentencing hearing for a transcript to be prepared from.  The request for an updated [presentence investigation report] is Denied.  The Court does not share Saint-Cyr's negative view of the ATF sting in this case.  The Court  has  considered  the  factors  in 18 U.S.C. § 3553(a),  and  a  248  month  sentence promotes respect for the law and acts as a deterrent.
>
> Wherefore, Saint Cyr's Motion to Vacate Count Five is Granted, but denied as to Count Four and dismissed as the Count Six.  The Clerk has already filed an amended judgement, vacating Count Five and one special assessment.    The  remaining  248  month sentence  remains  intact.    The  request  for appointment of counsel is denied.

Almost two years later, on August 22, 2022, Saint-Cyr filed the underlying *pro se* "motion for reconsideration of court's prior order or petition for writ of *audita querela, habeas corpus, or error coram nobis*," which is the subject of the present appeal.  He maintained that his § 924(o) conviction (Count 4) was no longer valid post-*Davis* and in light of the Supreme Court's then-recent

decision in *United States v. Taylor*, 596 U.S. 845 (2022),[4] and he urged the district court to reconsider its prior ruling. He also challenged the validity of his conviction for Count 6, and he requested an evidentiary hearing.

Two days after Saint-Cyr filed his motion, the district court construed it as a § 2255 motion and dismissed it for lack of jurisdiction, concluding that it was filed without the required permission from this Court under 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). The district court also explained that relief was not available under Federal Rule of Civil Procedure 60(b) because that rule does not permit "re-litigation of matters previously decided in a collateral attack." Likewise, the court noted that audita querela "does not apply to this successive motion to vacate," and habeas corpus was unavailable because it "lies only in the district where Saint-Cyr is housed." Finally, the court explained that "[c]oram [n]obis [did] not apply because [Saint-Cyr was] still in custody." Saint-Cyr, proceeding *pro se*, now appeals.[5]

## II.    Discussion

Saint-Cyr argues that the district court erred in construing his motion for reconsideration as an unauthorized successive § 2255 motion because he did not seek to raise a new claim, but

---

[4] The Supreme Court in *Taylor* held that attempted Hobbs Act robbery does not categorically qualify as a predicate crime of violence for purposes of § 924(c). 596 U.S. at 851.

[5] The government moved for summary affirmance on appeal, which we denied.

merely sought reconsideration of the court's prior ruling which was erroneous. He notes that he filed the motion under "several theories" of relief because he was not sure which one was proper, and that the district court has a duty to liberally construe his *pro se* motion "under any vehicle that would provide relief." Finally, he maintains that he is entitled to relief on the merits of his claims and an evidentiary hearing.

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010).

"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a movant may file a second or successive § 2255 motion, he first must obtain an order from the court of appeals authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive motion to vacate sentence. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction"). However, AEDPA does not define what it means for a petition to

8                      Opinion of the Court                      22-13110

be "second or successive." *See generally* 28 U.S.C. §§ 2244, 2255. Rather, "second or successive is a term of art, [a]nd since it limits the courts' jurisdiction, we read it narrowly." *Scott v. United States*, 890 F.3d 1239, 1247 (11th Cir. 2018) (quotations and internal citation omitted).

"Whether a petition is second or successive depends on the judgment challenged." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (emphasis omitted) (quotations omitted). "[T]he judgment to which AEDPA refers is the underlying conviction and the most recent sentence that authorizes the petitioner's current detention." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) ("[T]here is one judgment, comprised of both the sentence and conviction."). Thus, "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive . . . ." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (quotations and internal citations omitted).

Here, as an initial matter, the district court did not err in looking beyond the label of Saint-Cyr's *pro se* motion to "determine whether the motion [was], in effect, cognizable under a different remedial statutory framework."[6] *Gooden*, 627 F.3d at 847. In the

---

[6] As the district court noted, although Saint-Cyr styled the motion primarily as a "motion for reconsideration," such a motion "cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised

22-13110                Opinion of the Court                9

motion, Saint-Cyr sought to collaterally attack his convictions on Counts 4 and 6, and it is well-established "that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence . . . ." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008). Thus, the district court did not err in construing the motion as a § 2255 motion.

The next question we must consider is whether the district court properly determined that the motion was a second or successive motion within the meaning of AEDPA. The answer to this question turns on whether the July 2020 amended judgment, which vacated Saint-Cyr's conviction on Count 5 and the related 60-month sentence, constituted a new intervening judgment.

We start with what constitutes a new judgment. The Supreme Court addressed this issue in *Magwood v. Patterson*. After

---

prior to entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quotations omitted). Regardless, any motion for reconsideration would have been untimely as it was filed almost two years from the district court's entry of judgment granting in part and denying in part Saint-Cyr's § 2255 motion. *See* Fed. R. Civ. P. 60(c)(1) (providing that "[a] motion under Rule 60(b) must be made within a reasonable time" and, if based on certain grounds, "no more than a year after the entry of the judgment or order" from which reconsideration is sought).

Similarly, Saint-Cyr could not receive relief through the requested writ of *audita querela* or a writ of *coram nobis* because relief was available through § 2255. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[W]e hold that a writ of *audita querela* may not be granted when relief is cognizable under § 2255."); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (explaining that a writ of *coram nobis* is only available "to vacate a conviction when the petitioner has served his sentence and is no longer in custody").

being sentenced to death for murder and exhausting postconviction relief in the Alabama state courts, Magwood filed a federal habeas petition challenging both his conviction and sentence under 28 U.S.C. § 2254.  561 U.S. at 323.  The federal habeas court conditionally granted Magwood's § 2254 petition with directions that he either be released or resentenced.  *Id.*  The state trial court subsequently held a full resentencing, but ultimately imposed the same sentence.  *Id.* at 323, 326.  After again challenging his renewed death sentence in state court, Magwood filed another § 2254 petition raising two claims that were directly related to the resentencing proceedings.  *Id.* at 327–28.  The district court determined that this new § 2254 petition was not second or successive for purposes of § 2244, and proceeded to address the merits of Magwood's claims.  *Id.* at 328.  On appeal, we reversed in part as to the successive nature of the petition, concluding that one of Magwood's claims was a prohibited second or successive claim under § 2244 because it "challenged the trial court's reliance on the same (allegedly improper) aggravating factor that the trial court had relied upon for Magwood's original sentence."  *Id.* at 329.  The Supreme Court reversed, reasoning that the phrase "second or successive" in § 2244(b) "must be interpreted with respect to the judgment challenged."  *Id.* at 332–33.  Accordingly, the Court concluded that because a new, intervening judgment was entered following the resentencing, Magwood's § 2254 petition challenged "new errors" made at the resentencing and was not "second or

successive" for purposes of § 2244(b).[7]  *Id.* at 339, 342.  In reaching this conclusion, the Court left open the question of whether a petitioner could challenge the original, undisturbed conviction in a new habeas petition following an intervening judgment where the State imposed only a new sentence.  *Id.* at 342.

Thus, the government here argues that *Magwood* is inapplicable because Saint-Cyr's motion sought to challenge his undisturbed convictions on Counts 4 and 6 which were part of the original 2014 judgment.  The government's argument is misplaced because we have since considered the question left open in *Magwood* as to whether a habeas petition is "second or successive" for purposes of § 2244 where it challenges an undisturbed conviction following the imposition of only a new sentence, and we squarely rejected the same argument the government advances in this case.  *See Insignares*, 755 F.3d at 1277–78.

Specifically, in *Insignares*, following initial § 2254 proceedings, the state court granted the defendant's motion for a sentence reduction, reduced the mandatory-minimum term of imprisonment for one count of conviction, and "entered [a]

---

[7] Although *Magwood* addressed habeas petitions by a state prisoner under 28 U.S.C. § 2254, *Magwood* and its progeny "also appl[y] to cases involving § 2255 motions" by federal prisoners.  *Armstrong v. United States*, 986 F.3d 1345, 1349 (11th Cir. 2021); *see also Stewart v. United States*, 646 F.3d 856, 859 n.6 (11th Cir. 2011) ("Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart.").

corrected sentence and new judgment." *Id.* at 1277. Insignares then filed a new § 2254 petition. *Id.* Although the State did not contest that a new judgment was entered for purposes of § 2244, it argued that Insignares's new § 2254 petition was nevertheless "second or successive" because it challenged the undisturbed conviction and raised the same issues as his first § 2254 petition. *Id.* at 1278. We rejected this argument, and held that because there is only one judgment, which "is comprised of both the sentence and the conviction," a habeas petition is not second or successive where it follows a new judgment, "regardless of whether its claims challenge the sentence or the underlying conviction." *Id.* at 1281.

Nevertheless, we must emphasize that not every action that alters a sentence constitutes a new judgment for purposes of AEDPA. Rather, what matters is "the judgment authorizing the petitioner's confinement." *Patterson*, 849 F.3d at 1325 (en banc) (quotations omitted). Thus, in *Patterson*, we held that where the state court granted a motion to correct sentence and issued an order removing a sentencing condition that the defendant undergo chemical castration did not constitute a new judgment for purposes of § 2244. *Id.* at 1325–28. In so holding, we emphasized that the order removing the chemical castration condition did "not otherwise address the term of Patterson's imprisonment," and thus Patterson was still in custody pursuant to his original judgment. *Id.* at 1326.

Likewise, we have held in the context of federal prisoners pursuing relief under § 2255 that a sentence reduction under 18

U.S.C. § 3582(c) based on a reduction of the applicable sentencing guidelines range does not constitute a new judgment for purposes of AEDPA. *Armstrong*, 986 F.3d at 1349–50. In so holding, we emphasized the many differences between Armstrong's circumstances and the circumstances in *Magwood*. *Id.* at 1349. One key difference was that the petitioner in *Magwood* "demonstrated in his original collateral attack that his original sentence violated the Constitution," and he received a full resentencing. *Id.* at 1349–50. On the other hand, the petitioner in *Armstrong* had merely received a reduction to "an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Id.* at 1349 (quotations omitted). In other words, Armstrong's "existing sentence [was] merely reduced to account for the subsequent lowering of the sentencing range by the Sentencing Commission." *Id.* at 1350. We also emphasized that "by its terms, § 3582(c) [did] not authorize a sentencing or resentencing proceeding, but rather authoriz[ed] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 1349 (quotations omitted). Indeed, in the very preceding subsection of § 3582, Congress wrote that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*." 18 U.S.C. § 3582(b) (emphasis added). "This means that, even though the sentence might have changed, the relevant final 'judgment' did not." *Telcy v. United States*, 20 F.4th 735, 745 (11th Cir. 2021); *see also id.* at 743–45 (holding that a

discretionary sentence reduction under § 404(b) of the First Step Act did not constitute a new judgment for purposes of AEDPA).

Here, there are clear parallels between Saint-Cyr's case and *Magwood*. Like the petitioner in *Magwood*, Saint-Cyr demonstrated in his authorized second § 2255 motion that one of his convictions—namely, Count 5—violated the Constitution and was not authorized by law. By its terms, § 2255 provides that, where the court determines the § 2255 movant is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). And in Saint-Cyr's case, the district court vacated and set aside the judgment as to Count 5, conducted a "limited resentencing," determined that the same sentence of 248 months' imprisonment was appropriate after considering the relevant § 3553(a) factors, and issued a new amended judgment to that effect. Although the district court did not conduct a full *de novo* resentencing and Saint-Cyr's total sentence remained the same, the amended judgment nevertheless is the operative judgment that authorizes Saint-Cyr's current confinement. The amended judgment did not merely make a reduction or correction to his sentence like that in *Patterson*, *Armstrong*, and *Telcy*. Rather, it substantively changed the underlying convictions and sentencing package that together form the final judgment by vacating an unlawful conviction and sentence. Thus, the amended judgment in this case constituted a new judgment for purposes of AEDPA. *Magwood*, 561 U.S. at 339, 342; *Insginares*, 755 F.3d at 1281; *see also Johnson v. United States*, 623

22-13110                Opinion of the Court                15

F.3d 41, 46 (2d Cir. 2010) (holding that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both").

In light of the intervening amended judgment, we conclude that the district court erred in determining that Saint-Cyr's § 2255 motion was an unauthorized second or successive § 2255 motion, and the district court had jurisdiction to entertain it. Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.[8]

**VACATED AND REMANDED.**

---

[8] We note that on remand, the district court should consider the merits of Saint-Cyr's motion along with any defenses and arguments the respondent may raise such as AEDPA's statute of limitations.